I must respectfully dissent from that portion of the majority opinion which holds that the State failed to introduce sufficient evidence to prove that the Monroe County Sheriff's Department had adopted the P.E.I. test as the one to be administered pursuant to Code 1975, § 32-5-192. The majority, in my opinion, imposes on the State a standard of proof which is too strict, and I believe that, looking at the testimony as a whole, the State met its burden of proof to establish the proper predicate for the admission of the test results. In short, I believe that this case is similar to Redus v. State,398 So.2d 757 (Ala.Crim.App.), cert. den., 398 So.2d 762 (Ala. 1981), and Estes v. State, 358 So.2d 1050 (Ala.Crim.App.),cert. den., 358 So.2d 1057 (Ala. 1978). Requiring a new trial just for the purpose of having the State present additional evidence to show that the P.E.I. test was, in fact, adopted by the department seems to me to be an unnecessary requirement, which can only result in additional costs to the State and the defendant. In other words, I am confident that the State can easily prove that the P.E.I. test had been adopted by the Monroe County Sheriff's Department as the one to be administered, and that the State could have proved this fact on the initial trial had the failure to do so been called to its attention by a specific objection on this ground as opposed to the general ground which appears in this record.
Additionally, under the facts of this particular case, and in view of the totality of the evidence with regard to the intoxication of the defendant apart from the P.E.I. test *Page 297 
results, it appears that any error which may have been committed did not substantially affect the rights of the defendant. Rule 45, Ala.R.App.P.